**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Malcolm HOWARD, Defendant–**
**Appellant.**

No. 00–6013.

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2001.

Before BOGGS and DAUGHTREY, Circuit Judges; WEBER, District Judge.*

Malcolm Howard, a federal prisoner, appeals the district court's judgment imposed following his guilty plea to one count of possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Howard pleaded guilty on March 7, 2000, pursuant to a written plea agreement to the single count described above. He subsequently filed a motion for a downward departure pursuant to USSG § 4A1.3 on the ground that his criminal history, as set forth in his presentence investigation report, significantly over-represented the seriousness of that criminal history and the likelihood that he would commit future crimes. The district court denied How-

ard's motion for a downward departure and sentenced him on July 17, 2000, to 188 months in prison and five years of supervised release. This sentence was based upon a career offender total offense level of 31 and a criminal history category of VI, resulting in a guidelines sentencing range of 188–235 months. The judgment was entered on July 19, 2000.

On appeal, Howard argues that the district court erred by failing to recognize that it had the authority to depart downward on the ground that his career offender status significantly over-represented the seriousness of his criminal history and the likelihood of future crimes.

█ Upon review, we affirm the district court's judgment because the court's decision not to depart downward in this case is not reviewable on appeal. This court has consistently held that "a district court's discretionary refusal to depart downward is generally not appealable, unless the district court mistakenly believed it did not have legal authority to depart downward." *United States v. Pruitt*, 156 F.3d 638, 650 (6th Cir.1998); *see also United States v. Strickland*, 144 F.3d 412, 418 (6th Cir.1998). "Moreover, the district court need not explicitly state that it is aware of its discretionary power to depart downward; as long as the record makes clear such an awareness, the district court's decision is insulated from review." *Strickland*, 144 F.3d at 418; *see also United States v. Prince*, 214 F.3d 740, 766 (6th Cir.), *cert. denied*, 531 U.S. 974, 121 S.Ct. 417, 148 L.Ed.2d 322 (2000).

█ It is apparent from a reading of the sentencing transcript that the district court was aware of its legal authority to depart downward, as explicitly provided by the Sentencing Guidelines. *See* USSG

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

§ 4A1.3. Instead, the district court's questions during the sentencing colloquy clearly indicate that the court was considering whether the factors in Howard's case took it out of the "heartland" of the guidelines' consideration of criminal history so as to warrant a departure. *See Koon v. United States*, 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *Prince*, 214 F.3d at 767; *United States v. Crouse*, 145 F.3d 786, 788–89 (6th Cir.1998).

Because the district court did not believe it lacked the legal authority to depart downward on the ground asserted by Howard, its discretionary decision not to depart is not reviewable on appeal. Accordingly, the district court's judgment, entered on July 19, 2000, is affirmed.